(94 South. 394)

No. 23883.

## SMITH v. ANDERS et al.

(Nov. 27, 1922.)

*(Syllabus by the Court.)*

1. **Landlord and tenant** ⊚=55(1)—**Lessee not required to employ night watchman for protection against fire, when lessor had not done so while in possession.**

The lessee of property is not required to take better care of the leased premises than the lessor himself deemed sufficient when in possession of the same.

2. **Landlord and tenant** ⊚=55(1)—**Lessor cannot recover for damage from fire not directly caused by lessee's negligence.**

Plaintiff cannot recover, where it does not appear that the negligence of the defendant was the direct cause of the damage suffered.

Appeal from Second Judicial District Court, Parish of Webster; J. N. Sandlin, Judge.

Action by D. W. Smith against S. T. Anders and others. From a judgment for defendants, plaintiff appeals. Affirmed.

Stewart & Stewart, of Minden, for appellant.

L. K. Watkins, of Minden, for appellees.

By the WHOLE COURT.

ST. PAUL, J. [1, 2] Plaintiff sues for the cost of replacing a sawmill destroyed by fire through the alleged negligence of the defendants, the lessees thereof. It is charged that the night watchman was not on duty at the time the fire started. The evidence shows this to be so; but it also shows that when plaintiff operated the mill himself he employed no night watchman at any time, and nothing in the lease required the defendant to keep a night watchman about the premises. The evidence further shows that the mill was not equipped with proper appliances (or appliances at all) for fighting fire; so that it does not appear that the night watchman, even if present, could have done anything to control the fire.

The trial judge found no evidence of negligence in the defendants, and rejected plaintiff's demand. This judgment is correct.

Decree.

The judgment appealed from is therefore affirmed.

O'NIELL, J., being absent from the state, takes no part in the decision of this case.